UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Riley Moore, | No. 2:24-cv-01105-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Walmart, Inc.; Walmart LLC; Wal-Mart Stores, Inc., a corporation; Wal-Mart Associates, Inc., a corporation; Sonia Melchor, an individual; Magali Bedolla, an individual; and Does 1 to 100, inclusive, | |
| Defendants. | |

Plaintiff Riley Moore argues this court lacks diversity jurisdiction and moves to remand this matter to state court. Defendants Walmart Inc. and Wal-Mart Associates, Inc. oppose.[1] For the reasons explained below, the court **grants** the motion to remand.

I.   **BACKGROUND**

Moore, previously employed at a Wal-Mart store, brought this action for wrongful termination in violation of public policy, disability discrimination, disability harassment, failure to accommodate, failure to engage in interactive process, retaliation in violation of the Fair

---

[1] Defendants argue Walmart Inc. and Wal-Mart Associates are the proper defendants and Moore incorrectly sued "Walmart, Inc."; "Wal-Mart Stores, Inc."; and "Walmart LLC." *See* Opp'n at 1, ECF No. 5. The court need not and does not resolve that dispute.

1

1   Employment and Housing Act, failure to prevent, investigate, and/or remedy unlawful
2   harassment, discrimination and retaliation, retaliation in violation of public policy, intentional
3   infliction of emotional distress, unfair business practices and for declaratory relief.  *See* Compl.
4   at 1, ECF No. 1-1.  The complaint names Walmart, Inc., Walmart LLC, Wal-Mart Stores, Inc.
5   and Wal-Mart Associates, Inc. in addition to Sonia Melchor and Magali Bedolla, along with one
6   hundred Doe defendants.[2]  *See id.*  Walmart removed this action from state court to federal court,
7   asserting diversity jurisdiction.  *See* Notice of Removal at 3, ECF No. 1; 28 U.S.C. § 1332.

8   The parties agree Moore is a resident of California.  *See* Compl. ¶ 1; Notice of Removal
9   ¶¶ 8–9.  Plaintiffs argue Walmart Inc. is a citizen of California because of the business it conducts
10  in the state, *see* Mot. at 5–6, ECF No. 4, but defendants allege Walmart Inc. and Wal-Mart
11  Associates, Inc. are citizens of Delaware or Arkansas.  *See* Notice of Removal ¶ 11.  Defendants
12  do not dispute plaintiffs' allegation that the two individual employee defendants are California
13  citizens, but argue they are "sham defendants."  *See id.* ¶¶ 15–27.  Those defendants have not yet
14  appeared.  Plaintiff is "in the process of serving [them] after locating their current address."  *See*
15  Mot. at 5.

16  Defendants oppose the motion to remand, *see* Opp'n, plaintiffs have not replied, and the
17  court submitted the motion without a hearing, *see* Min. Order (July 29, 2024), ECF No. 7.

18  **II.   LEGAL STANDARD**

19  An action may be removed to federal court if the federal court would have had original
20  jurisdiction under the diversity jurisdiction statute.  *See* 28 U.S.C. §§ 1441(a), 1332(a).  Diversity
21  jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity, meaning each plaintiff has
22  different citizenship than each defendant.  *See Grancare, LLC v. Thrower by & through Mills*,
23  889 F.3d 543, 548 (9th Cir. 2018).  "In determining whether there is complete diversity, district
24  courts may disregard the citizenship of a non-diverse defendant who has been fraudulently

---

[2] If defendants' identities are unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds.  *Id.* at 642.  The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint.  Fed. R. Civ. P. 4(m).

joined." *Id.* (citation omitted). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citation and marks omitted). The court may find fraudulent joinder only if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "But if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (citation and marks omitted). The removing defendant "bears a heavy burden" in attempting to show removal is proper given the "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).

### III.    ANALYSIS

Plaintiff first claims Walmart, Inc. is a citizen of California. *See* Mot. at 5–6. But Walmart Inc. and Wal-Mart Associates, Inc. are incorporated under the laws of Delaware and their principal place of business is in Arkansas; they are not California citizens. *See* Opp'n at 1–2; *Johnson v. Walmart, Inc.*, No. 2:21-08662, 2022 WL 2355185, at *1 (C.D. Cal. June 30, 2022) ("[I]t is uncontroverted that . . . Walmart is a citizen of Delaware, where it is incorporated, and of Arkansas, where it holds its principal place of business.").

Plaintiff next disputes defendants' charge that Melchor and Bedolla are sham defendants. *See* Mot. at 6–9. Walmart does not argue the "actual fraud" prong of fraudulent joinder, but rather contends Moore cannot "establish a cause of action" against Melchor and Bedolla in state court under *Grancare*, 889 F.3d at 548. The parties disagree whether Moore has viable claims against Melchor and Bedolla for (1) intentional infliction of emotional distress (IIED); (2) disability harassment; (3) violation of the California Unfair Competition Law (UCL); and (4) declaratory relief.

Moore argues his allegations state a viable IIED claim. *See* Mot. at 8–9 (citing Compl. ¶¶ 16–27 and 98–103). In opposition, defendants argue Moore's IIED claim "is based entirely on his termination," for which any injuries are to be resolved exclusively by the state Workers' Compensation Appeals Board. *See* Opp'n at 5–6. Under the California Workers' Compensation Act ("CWCA"), the exclusive remedy for compensation for injuries caused as a result of employment is in proceedings before the Workers' Compensation Appeals Board. *See Corona v. Quad Graphics Printing Corp.*, 218 F. Supp. 3d 1068, 1072–73 (C.D. Cal. 2016). "[W]hen the employee's claim is based on conduct normally occurring in the workplace, it is within the exclusive jurisdiction of the Workers' Compensation Appeals Board." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 151 (1987); *see also* Cal. Lab. Code § 3602(a) ("Where the conditions of [worker's compensation exist], the right to recover such compensation is . . . the sole and exclusive remedy of the employee . . . against the employer.").

In the complaint, Moore alleges the two individual defendants, Melchor and Bedolla, "were aware of [his] injury and request for accommodations," and he alleges his separation notice "stated that the reason for separation is due to a voluntary health reason and stated, 'leave was closed/denied on 4/4/2022.'" Compl. ¶¶ 22, 27. The complaint otherwise refers only to the elements of a claim for IIED. *See id.* ¶ 99. These allegations do not suggest Melchor or Bedolla engaged in any conduct outside of their employment relationship. *See Schaffer v. GTE, Inc.*, 40 F. App'x 552, 557 (9th Cir. 2002).

However, that "deficiency" could be "cured by granting the plaintiff leave to amend," which precludes the court from finding Moore was fraudulently joined. *Carrick v. Peloton Interactive, Inc.*, No. 24-00212, 2024 WL 3378332, at *5 (N.D. Cal. July 10, 2024) (citing *Grancare*, 889 F.3d at 550). Here it is plausible Moore could add specific factual allegations supporting a claim for IIED against the individual defendants based on their actions outside of the employment relationship. He argues in his motion, for example, that Melchor and Bedolla treated him differently because of his medical condition. *See* Mot. at 8. Thus, it is not "abundantly obvious" to the court Mr. Moore's claim is barred by the California Workers' Compensation Act such that he cannot prevail. *Carrick*, 2024 WL 3378332, at *4. Because, with amendment,

4

Moore could potentially state a claim against Melchor and Bedolla for IIED, the court cannot find they were fraudulently joined.

A "plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Nasrawi*, 713 F. Supp. 2d at 1084–85 (citation and marks omitted).  This is reason alone for the court to remand this action.

**IV.   CONCLUSION**

The motion to remand is **granted**.  This order resolves ECF No. 4.

IT IS SO ORDERED.

DATED: September 12, 2024.

<u>                                                        </u>
CHIEF UNITED STATES DISTRICT JUDGE